IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT MEJIA                    :
                                :
    v.                          :  Civil Action No. DKC 16-1373
                                   Criminal No. DKC 10-0523
                                :
UNITED STATES OF AMERICA        :

**MEMORANDUM OPINION**

Petitioner Robert Mejia pled guilty on September 27, 2010, to conspiracy to cause interstate transportation of money obtained by fraud (Count 1), interstate transportation of money obtained by fraud (Count 2), and felon in possession of a firearm (Count 3). He was sentenced on January 10, 2011, to 60 months imprisonment on Count 1 with concurrent terms of 96 months on Counts 2 and 3. This sentence was directed to run consecutively to the sentences he was serving in Montgomery County (Case Nos. 115785 and 11385) or beginning April 28, 2014, whichever first occurred.

On May 6, 2016, Petitioner filed the pending motion to vacate sentence pursuant to 28 U.S.C. § 2255 (ECF No. 31), arguing that: 1) this court committed an error by failing "to follow the procedures of waiver of indictment in open court" (ECF No. 31-1, at 6); 2) this court erroneously accepted his guilty plea even though the plea expired on August 23, 2010, and

was executed by petitioner on August 24, 2010 (*Id.* at 8); and 3) he was charged with conspiracy but there were no other co-conspirators (*Id.* at 9). Further, Petitioner alleges that his counsel was ineffective for failing to object to or raise the aforementioned issues. (*Id.* at 11).

The Government was directed to file a response (ECF No. 32), but before it did so, a supplemental motion was filed on July 21, 2016, through Assistant Federal Public Defender Paresh Patel, arguing that, in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), the "residual clause" in the United States Sentencing Guidelines § 4B1.2(a)(2) is also void for vagueness, meaning that Petitioner's prior conviction for simple assault was improperly classified as a crime of violence under the Guidelines (ECF No. 39). The Government's response encompassed both the original and supplemental motion, sought to stay the *Johnson* issue, but argued that the other issues were untimely or without merit. (ECF No. 42). Petitioner's reply joined in the stay request, but also suggested that the entire motion should be stayed. (ECF No. 49). He requested an opportunity to file additional arguments when consideration recommenced. No formal action was taken by the court at that time.

On April 24, 2017, Petitioner, again through counsel, filed a notice of dismissal withdrawing the supplement. (ECF No. 50). The notice specified that the dismissal related to the supplement only and that Petitioner wanted the court to adjudicate his motion to vacate sentence pursuant to 28 U.S.C. § 2255. The court approved the notice of dismissal on May 9, 2017, and provided Petitioner 30 days to file a supplemental reply. (ECF No. 51). The court received correspondence from Petitioner on July 20, 2017, indicating that he would not be filing a reply. (ECF No. 56).

As previously noted, judgment was entered on January 11, 2011. When no notice of appeal was filed, the judgment became final on January 25, 2011. *See* Fed.R.App.P. 4(b)(1)(A)(i).

A motion under § 2255 must be brought within one year of the date that the conviction becomes final upon the expiration of any direct appeals or the time to file such appeals. *See* 28 U.S.C. § 2255(f)(1); *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (citing *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)); *Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that conviction becomes final for § 2255 limitations period, if no petition for a writ of certiorari is filed, when the time to file such a petition expires).

Petitioner filed this motion to vacate sentence on May 6, 2016, years after the expiration of the limitations period. Equitable tolling might extend the period if a movant "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct,(3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Petitioner states that he previously filed a § 2255 petition with this court in 2012, but that nothing was ever done with it. The date on which he claims to have filed the earlier petition is not entirely clear because he has provided the dates of January 10, 2012 (ECF No. 31-1, at 2), and June 10, 2012 (ECF No. 31, at 3). This court has no record of any such filing. The first docket entry after those related to the entry of judgment appears on September 12, 2013, when Petitioner requested a docket sheet. The docket was mailed to him on September 17, 2013, and would have indicated to him that no § 2255 petition was pending. He also sought the court's assistance in obtaining material from his former attorney, stating "I have not been able to file a post-conviction in my case because of the above situations." (ECF No. 23). He requested another copy of the docket sheet on May 20, 2014, which was sent in August 2014. A third copy was sent in early

2016 after Petitioner indicated that the earlier copy had been lost.

In March 2016, Petitioner filed a motion in the United States Court of Appeals for the Fourth Circuit seeking permission to file a second or successive application for relief, but the Fourth Circuit denied that relief as unnecessary because no earlier motion had been filed.

As noted, there is absolutely no indication in this court's records that Petitioner ever filed a timely motion in 2012. Moreover, Petitioner did not take any measures to ascertain what happened to any such motion until March of 2016, despite receiving repeated indications from this court in the form of copies of the docket that no motion had been received. Under the circumstances, the motion filed in 2016 is untimely, Petitioner has not shown that he actually filed a timely motion in 2012[1], and there are no grounds for equitable tolling. Accordingly, the motion will be denied.

---

[1] The motion purportedly filed in 2012 raised a single issue, *i.e.*, that the court "erred in accepting [his] guilty plea and was without jurisdiction because [he] was never charged with any other person to be found guilty of a conspiracy charge." (ECF No. 31-2, at 5). While no others were identified by name in the Information, the document referred to "co-conspirators A and B." (ECF No. 1). The plea also referred to

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). Upon review of the record, the court finds that Petitioner does not satisfy the above

---

others, including Co-conspirator A. (ECF No. 9-1). There was no jurisdictional defect in the charging document or his conspiracy conviction.

6

standard. Accordingly, the court will decline to issue a certificate of appealability.

A separate order will be entered.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge